JS 44(Rev. 12/07)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September, 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  **(SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)**

**I. (a) PLAINTIFFS**
Eldridge Salley

**(b)** County Of Residence of First Listed Plaintiff <u>Philadelphia</u>
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NO.)
Justin M. Bieber, Esquire, J. Bieber Law, LLC, 215 S. Broad Street, 5th Floor, Phila., PA 19107,  215-545-9999

**DEFENDANTS**
Amerco d/b/a U-Haul, U-Haul International, Inc., U-Haul Co. and Falls Manufacturing Co.

County of Residence of First Listed Defendant <u>Washoe</u>
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)  Richard B. Wickersham, Esquire, Post & Schell, P.C., Four Penn Center, 1600 JFK Blvd., 13th Floor, Philadelphia, PA 19103; 215-587-6612 (attorney for U-Haul International, Inc. only)

**II. BASIS OF JURISDICTION** (Place an X in ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an X in ONE BOX for Plaintiff and ONE BOX for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign County | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks & Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of DefaultedStudent Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/ Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395FF) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung(923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Others | ☐ 462 Naturalization Application | ☐ 871 IRS–Third Party 28 USC 7609 | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332 (2006)
Brief description of cause:
Diversity of citizenship

**VII. REQUESTED IN COMPLAINT**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
DEMAND $
In excess of $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NO.

DATE
February 20, 2013

SIGNATURE OF ATTORNEY OF RECORD
*Richard Dreidel*

FOR OFFICIAL USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| **ELDRIDGE SALLEY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | **NO.**    **13-** |
| **AMERCO d/b/a U-HAUL, *et al.*** | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)      Habeas Corpus – Cases brought under 28 U.S.C. § 2441 through § 2255.    ( )

(b)      Social Security – Cases requesting review of a decision of the secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c)      Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d)      Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e)      Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f)      Standard Management – Cases that do not fall into any one of the other tracks.    (☒)

| | | |
|---|---|---|
| February 20, 2013 | *[signature]* | U-Haul International, Inc. |
| | **ATTORNEY-AT-LAW** | **Attorney for** |
| 215-587-6612 | 215-587-1444 | rwickersham@postschell.com |
| Telephone | Facsimile | E-mail |

Civ. 660 (7/95)

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 – Assignment to a Management Track

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall,, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
## (See § 1.02(e) Management Track Definitions of the
## Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL. 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See § 0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See § 0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2505 N. Corlies Street, Philadelphia, PA 19132

Address of Defendant: 2721 N. Central Avenue, 5th Floor, Phoenix AZ 85004

Place of Accident, Incident or Transaction: 129 Canal Street, Fairless Hills, PA 19030
*(Use Reverse Side for Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed. R. Civ. P. 7.1(a))        Yes ☒        No ☐

Does this case involve multidistrict litigation possibilities:        Yes ☐        No ☒
*RELATED CASE IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier number suit pending or within one year previously terminated action in this court?
        Yes ☐        No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
        Yes ☐        No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
        Yes ☐        No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
        Yes ☐        No ☒

**CIVIL:** (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act - Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) – Premises Liability
7. ☐ Products Liability
8. ☐ Products Liability--Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

### ARBITRATION CERTIFICATION
*(Check appropriate category)*

I, Richard B. Wickersham                            , counsel of record do hereby certify:

☒    Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that, to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 exclusive of interest and cost;

☐    Relief other than monetary damages is sought.

DATE:  February 20, 2013        _____        49466
                                *Attorney-at-Law*               *Attorney I.D. #*

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P.38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  February 20, 2013        _____        49466
                                *Attorney-at-Law*               *Attorney I.D. #*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELDRIDGE SALLEY ⟩
          Plaintiff, ⟩
⟩
   v. ⟩
⟩
AMERCO d/b/a U-HAUL, ⟩
U-HAUL INTERNATIONAL, INC., ⟩
U-HAUL CO., ⟩
and FALLS MANUFACTURING CO. ⟩
          Defendants. ⟩
⟩
⟩
⟩

Civil Action No. 13-cv-_____ (___)

## DISCLOSURE STATEMENT

Please check one box:

☐      The non-governmental corporate party in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☑      The non-governmental corporate party, Defendant U-Haul International, Inc., in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

AMERCO
1325 Airmotive Way, Suite 100
Reno, Nevada 89502

Respectfully submitted,

**POST & SCHELL, P.C.**

Dated:   <u>February 20, 2013</u>     BY: _____
                                  Richard B. Wickersham, Jr., Esquire
                                  Attorneys For Defendant,
                                  U-HAUL INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELDRIDGE SALLEY<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERCO d/b/a U-HAUL,<br>U-HAUL INTERNATIONAL, INC.,<br>U-HAUL CO.,<br>and FALLS MANUFACTURING CO.<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 13-cv-_____ (___)

## <u>DISCLOSURE STATEMENT</u>

Please check one box:

☐　　　The non-governmental corporate party in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☑　　　The non-governmental corporate party, Defendant U-Haul International, Inc., in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

AMERCO
1325 Airmotive Way, Suite 100
Reno, Nevada 89502

Respectfully submitted,

**POST & SCHELL, P.C.**

Dated:　<u>February 20, 2013</u>　　　BY: _____
　　　　　　　　　　　　　　　　　　Richard B. Wickersham, Jr., Esquire
　　　　　　　　　　　　　　　　　　Attorneys For Defendant,
　　　　　　　　　　　　　　　　　　U-HAUL INTERNATIONAL, INC.

Richard B. Wickersham, Jr., Esquire  (RW-9884)
**POST & SCHELL, P.C.**
Four Penn Center
1600 John F. Kennedy Boulevard
13th Floor
Philadelphia, PA  19103-2808
(215) 587-6612
rwickersham@postschell.com
Attorneys for Defendant, U-Haul International, Inc.

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELDRIDGE SALLEY**, <br><br>           Plaintiff, <br><br>      v. <br><br> **AMERCO (d/b/a U-Haul), U-HAUL INTERNATIONAL, INC., U-HAUL CO. and FALLS MANUFACTURING CO.**, <br><br>           Defendants. | CIVIL ACTION <br><br> 2:13-cv-____ (_____) <br><br><br> **PETITION FOR REMOVAL** |

Defendant, U-Haul International, Inc., by and through its undersigned counsel, hereby seeks removal of the above-captioned action pursuant to 28 U.S.C. § 1441, et seq. and § 1446 et seq., which is presently pending in the Court of Common Pleas of Philadelphia County, January Term 2013, No.: 03871.   In support thereof, Defendant avers as follows:

I.     **INTRODUCTION/BACKGROUND**

1.     This civil action was apparently originally commenced on February 1, 2013 by the filing of a Complaint in the Court of Common Pleas of Philadelphia County.

2.     Defendant, U-Haul International, Inc. ("UHI"), was first served with the Complaint on February 4, 2013.  A true and correct copy of the served Complaint is attached

hereto as Exhibit "A."   A true and correct copy of the Affidavit of Service upon UHI is attached hereto as Exhibit "B."

3.      Upon information and belief, this personal injury action arises out of a work-related injury that occurred when a crane fell onto the Plaintiff.  See Exhibit "A," at ¶¶ 9, 11.

4.      UHI holds this information and belief as a result of knowing that the Plaintiff was a temporary employee of the temporary staffing agency, Centrix Staffing, that the Plaintiff was supplied by Centrix Staffing to Falls Manufacturing Co. (a division of U-Haul Co. of Pennsylvania) and that the work performed by the Plaintiff at the Falls Manufacturing Co. location was, at all times, directed and controlled by U-Haul Co. of Pennsylvania.  See Consent to Removal of U-Haul Co. of Pennsylvania and Falls Manufacturing, attached hereto as Exhibit "C."

5.      Plaintiff's claimed damages appear to be in excess of $75,000.00.  See Exhibit "A."

6.      Further, this Court has jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, as all legitimate parties are of diverse citizenship.

7.      Pursuant to 28 U.S.C. § 1446(b)(2)(B), each Defendant shall have thirty (30) days after service of the Complaint to file a notice of removal/petition for removal.

8.      This petition for removal, and related papers, have been filed within thirty (30) days of the date of service of the Complaint on the Petitioning Defendant, and is, therefore, timely under 28 U.S.C. § 1446(b).

## II.    BASIS FOR REMOVAL TO FEDERAL COURT

### A.    REMOVAL IS PROPER UNDER 28 U.S.C. § 1332 (DIVERSITY OF CITIZENSHIP)

### All Properly Joined Parties Are Diverse

9.    This Court has jurisdiction of this matter in accordance with 28 U.S.C. § 1332.

10.    Plaintiff, Eldridge Salley, alleges that he is a Pennsylvania citizen residing at 2505 N. Corlies Street in Philadelphia, Pennsylvania, 19132.   See Exhibit "A."

11.    Defendant, AMERCO, is a Nevada Corporation with a principal place of business located at 1325 Airmotive Way, Suite 100, Reno, Nevada 89502.   See e.g. Consent to Removal of AMERCO, attached hereto as Exhibit "D."

12.    Defendant, U-Haul International, Inc., is a Nevada corporation with a registered business located at 311 S. Division Street, Carson City, Nevada 89703 and a principal place of business in Arizona.

13.    Defendant, U-Haul Co. of Pennsylvania (incorrectly identified as U-Haul Co.) is a Pennsylvania Corporation with a principal place of business located at 333 West Street Road, Feasterville, PA 19053.   See Exhibit "C."

14.    Defendant, Falls Manufacturing Co., which is a division of Defendant, U-Haul Co. of Pennsylvania, has a principal place of business located at 129 Canal Street, Fairless Hills, Pennsylvania. See Exhibit "C."

15.    Complete diversity does not exist on the face of the Complaint.

16.    It is well-settled, however, that the citizenship of any "fraudulently joined" defendants shall be disregarded for purposes of 28 U.S.C. §1441(a).

17.     In this case, the joinder of Defendants, U-Haul Co. of Pennsylvania (immune by workers' compensation) and Falls Manufacturing Co. (a division of U-Haul Co. of Pennsylvania, also immune by workers' compensation), is fraudulent, and therefore, shall be disregarded.

18.     As noted above, Plaintiff is a citizen of Pennsylvania and U-Haul International, Inc. and AMERCO, the only proper defendants, are citizens of Nevada.   Thus, the requisite diversity of citizenship exists between the proper parties pursuant to 28 U.S.C. § 1332.

## Rule of Unanimity

19.     As noted above, Federal courts have diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000.00.   28 U.S.C. § 1332.

20.     The statute governing removal, 28 U.S.C. § 1446, "has been construed to require that when there is more than one defendant, all must join in the removal petition…"  Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985)(citation omitted).

21.     The requirement that all defendants agree to the removal is known as the "rule of unanimity" or the "unanimity rule."  Balazik v. County of Dauphin, 44 F.3d 209, 213 n.4 (3d Cir. Pa. 1995).

22.     Defendants may establish unanimity either by jointly filing the notice of removal or by consenting to removal in separate filings.  Weinrach v. White Metal Rolling & Stamping Corp., 1999 U.S. Dist. LEXIS 168, at *2 (E.D. Pa. 1999).

23.     For consent to be effective, it must be expressed in writing and timely filed.  See The Knit With v. Aurora Yarns, 2010 U.S. Dist. LEXIS 22592, at * 31 (E.D. Pa. 2010).

24.     There are several exceptions to the rule of unanimity:  (1) where a non-joining defendant is an unknown or nominal party; (2) where a defendant has been fraudulently joined;

or (3) when a non-resident defendant has not been served at the time the removing defendants filed their petition.  See Lewis, supra.

26.    In the case at bar, AMERCO, U-Haul Co. of Pennsylvania and Falls Manufacturing Co. (a division of U-Haul Co. of Pennsylvania) have consented to removal of this action.  See Exhibits "C" and "D."

26.    Nevertheless, an exception applies to the rule of unanimity.  Specifically, U-Haul Co. of Pennsylvania and Falls Manufacturing Co. were fraudulently joined in this action.  See Lewis, supra.

### U-Haul Co. of Pennsylvania and
### Falls Manufacturing Are Fraudulently Joined Parties

27.    A Federal Court may disregard the citizenship of a defendant if the joinder was fraudulent.   See, e.g., Boyer v. Snap-On Tools, Corp., 913 F.2d 108 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26 (3d Cir. 1985); Selvaggi v. Prudential Prop. & Cas. Ins. Co., 871 F. Supp. 815 (E.D. Pa. 1995).

28.    "The 'fraudulent joinder' doctrine does not require a showing of fraud as the term is generally understood."   Selvaggi, supra, 871 F. Supp. at 818.   See also Chaney v. Gate Pharms. (In re Diet Drugs Prods. Liab. Litig.), 1999 U.S. Dist. LEXIS 11414, *11 (E.D. Pa. 1999)(citing Lewis v. Time, Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979)(explaining that "fraudulent joinder 'does not reflect on the integrity of plaintiff or counsel … but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists'")).

29.    Joinder is considered fraudulent "where there is no reasonable basis in fact or colorable grounds supporting the claim against the joined defendant, or no real intention in good

faith to prosecute the action against the defendant or seek a joint judgment." Abels, supra, 770 F.2d at 32 (quoting Goldberg v. CPC Int'l, Inc., 495 F. Supp. 233, 239 (N.D. Cal. 1980)).

30.     Joinder may be considered fraudulent where the plaintiff has failed to state a cause of action against a non-diverse defendant. Boyer, 913 F.2d. at 111-12; see also Selvaggi, 871 F. Supp. at 818.

31.     More importantly, the fraudulent joinder of non-diverse defendants does not prevent removal.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)(for purposes of determining whether diversity jurisdiction exists, "nominal or fraudulently joined parties may be disregarded").

32.     When defendants, such as U-Haul Co. of Pennsylvania and Falls Manufacturing Co., have been fraudulently joined, the Court should disregard the citizenship of the non-diverse defendants for jurisdictional purposes, assume jurisdiction over the case, dismiss the non-diverse defendants, and retain jurisdiction over the case. See Selvaggi, 871 F. Supp. at 818-20.

33.     After considering only the properly joined defendants, U-Haul International, Inc. and AMERCO, Plaintiff's Complaint is properly removable pursuant to 28 U.S.C. § 1441 on the basis that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity of citizenship.

**U-Haul Co. of Pennsylvania and Falls Manufacturing Co.
are Fraudulently Joined Parties,
Because Any Claims Against Them In This Civil Action Are
Barred By The Pennsylvania Workers' Compensation Act**

34.     Any claims asserted by the Plaintiff against U-Haul Co. of Pennsylvania and Falls Manufacturing Co. are barred by the Pennsylvania Workers' Compensation Act.  Specifically, Plaintiff's alleged injuries occurred in the course and scope of his employment with Falls Manufacturing Co., which is a division of U-Haul Co. of Pennsylvania, and therefore, any claims

against these entities are barred by the "borrowed servant" doctrine and the exclusivity provisions of the Workers' Compensation Act, 77 P.S. § 481(a).

35.     Pennsylvania's "borrowed servant" doctrine provides as follows:

> The borrowed servant doctrine is based on the premise that one who is in the general employ of another may, with respect to certain work, be transferred to the service of a third person in such a way that he becomes, for the time being and in the particular service which he is engaged to perform, an employee of that person. Mature v. Angelo, 373 Pa. 593, 595, 97 A.2d 59 (Pa., 1953). **It is also based on the clear intent of Pennsylvania legislature that the Pennsylvania Workers' Compensation Act, Pa. Stat. Ann. tit. 77, §§ 1-2626, provide the sole and exclusive means of recovery for injuries occurring within the scope of employment. Pa. Stat. Ann. tit. 77, § 1;** O'Donnell v. R.M. Shoemaker & Co., 2003 Pa. Super 42, P10, 816 A.2d 1159 (Pa. Super. Ct., 2003).

Christ v. Transcor, Inc., 2005 Phila. Ct. Com. Pl. LEXIS 253, 4-5 (CCP Philadelphia Co. 2005), aff'd without op. 897 A.2d 513 (Pa. Super. 2006)(emphasis added). Accord Mathis v. United Engineers Constructors, Inc., 554 A.2d 96, 102 (Pa. Super. 1989)(This doctrine states "that a servant who is loaned by his master to a third party is regarded as the servant of that third party while under the third party's direction and control."); Red Line Express Co., Inc. v. Workmen's Compensation Appeal Board (Price), 588 A.2d 90, 93 (Pa. Cmwlth. 1981), appeal denied, 529 Pa. 654, 602 A.2d 863 (1992).  "[T]he question of whether an employer/employee relationship exists is one of law, based upon findings of fact." JFC Temps, Inc. v. Workmen's Compensation Appeal Board (Lindsay), 680 A.2d 862, 864 (Pa 1996).

36.     "[T]he right to control the performance of the work is the overriding factor" in determining the employer.  JFC Temps, Inc., supra, 680 A.2d at 865. See also Wetzel v. City of Altoona, 618 A.2d 1219 (Pa. Cmwlth. 1992); Wilkinson vs. K-Mart, 603 A.2d 659 (Pa. Super. 1992).

37.     Thus, under Pennsylvania law, as clearly and succinctly stated in JFC Temps, "the entity possessing the right to control the manner of the performance of the servant's work is the employer, irrespective of whether the control is actually exercised."  Id., at 862. Accord Mature v. Angelo, 97 A.2d 59 (Pa. 1953)(The entity possessing the *right* to control the manner of the performance of the servant's work is the employer, regardless of whether the control is actually exercised).

38.     "If it is established that the temporary employer exercised 'authoritative direction and control' over the temporary employee at the time of the negligent act, '[a] finding of liability based on the borrowed servant doctrine ordinarily will absolve the general employer of liability and shift total liability for the servant's negligent acts to the borrowing employer.'" Mastro v. Maritrans Operating Partners, L.P., 1992 U.S. Dist. LEXIS 19891, *12-13 (E.D. Pa. 1992) (citations omitted). Accord McGrath v. Edward G. Budd Manufacturing Co., 36 A.2d 303, 305 (Pa. 1944)(indicating that the true criterion is the existence of power to control the employee at the time of the commission of the negligent act).

39.     In the case of Wilkinson v. K-Mart, 603 A.2d 659 (Pa. Super 1992), a temporary driver was found to be the borrowed servant of K-Mart because K-Mart reserved the right to dispatch the injured driver, direct his loading and unloading of vehicles, select routes, direct the driver to perform pick-ups and deliveries, and direct his day-to-day operations of vehicles it owned.  Id., at 661-63.

40.     The facts of this matter demonstrate that the Plaintiff was a borrowed servant of Defendants, U-Haul Co. of Pennsylvania and Falls Manufacturing Co., at the time of the alleged injury.

41.     In this regard, the Plaintiff was an employee of Centrix Staffing, a temporary staffing agency.  See Exhibit "C."

42.     Plaintiff was supplied by Centrix Staffing to Falls Manufacturing Co. (a division of U-Haul Co. of Pennsylvania) as a temporary worker at its 129 Canal Street, Fairless Hills, Pennsylvania manufacturing facility.  Id.

43.     As a temporary employee, Plaintiff underwent safety instruction before working on the production line, was supervised on his second shift (4:00 p.m. – 2:00 a.m.) by two (2) company supervisors and was given both on-the-job training and guidance by company Leadman during each shift he worked on the production line.  Id.

44.     U-Haul Co. of Pennsylvania directed and controlled the work performed by Plaintiff on each shift he worked at the subject plant.  Id.

45.     As a result, Plaintiff was the "borrowed servant" of these Defendants and they are thus protected from suit for this work-related accident and injuries by the exclusivity provisions of the Workers' Compensation Act, 77 P.S. § 481(a). See Albright v. Fagan, 671 A.2d 760, 762 (Pa. Super. 1996)("Where an employee's injury is compensable under the Act, the compensation provided by the statute is the employee's exclusive remedy against his or her employer. Thus, an injured employee cannot maintain a tort action against his or her employer if the injury is compensable under the provisions of the Act.")(internal citations omitted).

46.     Accordingly, U-Haul Co. of Pennsylvania and Falls Manufacturing Co. are not proper parties to this litigation.

**Amount in Controversy exceeds $75,000**

47.     Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceeds $75,000.

48.     Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint.  See, e.g., Samuel-Basset v. Kia Motors America, Inc., 357 F.3d 392, 398-99 (3d Cir. 2004).

49.     Where, however, the claim for damages is not specific as to the amount, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."  See Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993)(district court properly made an independent appraisal of the value of the claim and reasonably found that the actual amount in controversy exceeded the jurisdictional minimum).

50.     In addition, where — as here — the Plaintiff did not specifically aver in his Complaint that the amount in controversy is less than the jurisdictional minimum, removal should be permitted unless it appears to a legal certainty that the Plaintiff cannot recover the jurisdictional minimum.  See Samuel-Basset, supra, 357 F.3d at 397-99; see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

## III.    CONCLUSION

51.     The instant civil action therefore satisfies diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 insofar as all proper parties are of diverse citizenship and the amount in controversy is in excess of $75,000.00.

52.     This Petition for Removal, and related papers, are timely under 28 U.S.C. §1446(b) because they have been filed within thirty (30) days of the date of service of the Complaint.

53.     Defendant will also file copies of this Petition of Removal, and related papers, with the Prothonotary of the Court of Common Pleas of Philadelphia County in order to effect removal of this action pursuant to 28 U.S.C. §1446(d).

54.     Simultaneous with the filing of this Petition for Removal, Defendant has served a copy of the Petition upon the Plaintiff.

**WHEREFORE**, pursuant to 28 U.S.C. §1441, et seq., and §1446, et seq., Defendant, U-Haul International, Inc., respectfully requests that the above-captioned matter now pending in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated:   February 20, 2013                 **POST & SCHELL, P.C.**

By:  _____
RICHARD B. WICKERSHAM, JR.
ATTORNEYS FOR DEFENDANT,
U-HAUL INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELDRIDGE SALLEY**, <br><br>              Plaintiff, <br><br>      v. <br><br>**AMERCO (d/b/a U-Haul),** <br>**U-HAUL INTERNATIONAL, INC.,** <br>**U-HAUL CO. and** <br>**FALLS MANUFACTURING CO.,** <br><br>             Defendants. | CIVIL NO. 13-cv-_____ (___) <br><br><br>JURY TRIAL DEMANDED <br><br><br><br><br>**CERTIFICATE OF SERVICE** |

      I do hereby certify that service of a true and correct copy of the Petition for Removal and all attachments was made via United States First Class Mail, postage pre-paid, this date to the following counsel:

Justin M. Bieber, Esquire
J. BIEBER LAW, LLC
215 S. Broad Street, 5th Floor
Philadelphia, PA 19107
**Attorney for Plaintiff**

Karyn Rienzi, Esquire
Post & Schell, P.C.
Four Penn Center, 13th Floor
1600 J.F.K. Blvd.
Philadelphia, PA  19103
**Attorney for Amerco**

U-Haul Co. of Pennsylvania
333 West Street Road
Feasterville, PA 19053

Falls Manufacturing Co.
129 Canal Road
Fairless Hills, PA 19030

Dated:   February 20, 2013

**POST & SCHELL, P.C.**

By:

_____
Richard B. Wickersham, Jr., Esquire
Attorneys For Defendant,
U-HAUL INTERNATIONAL, INC.

# Exhibit "A"

## Civil Action Complaint
## Court of Common Pleas of Philadelphia County

**THIS IS A MAJOR JURY ACTION**
**ASSESSMENT OF DAMAGES HEARING**
**IS REQUIRED.**

**J. BIEBER LAW, LLC**
**By: Justin M. Bieber, Esquire**
**Identification No. 204198**
**215 S. Broad Street, 5th Floor**
**Philadelphia, PA 19107**
**Ph: (215) 545-9999**
**F: (215) 545-2424**

Attorney for Plaintiff

Filed and Attested by
PROTHONOTARY
01 Feb 2013 02:16 am
S. GARRETT

| | | |
|---|---|---|
| **ELDRIDGE SALLEY** | : | **COURT OF COMMON PLEAS** |
| **2505 N. Corlies Street** | : | **PHILADELPHIA COUNTY** |
| **Philadelphia, PA 19132** | : | |
| | : | |
| **v.** | : | **FEBRUARY TERM, 2013** |
| | : | |
| **AMERCO d/b/a U-HAUL** | : | |
| **1325 Airmotive Way, Suite 100** | : | |
| **Reno, NV 89502** | : | |
|     And | : | |
| **U-HAUL INTERNATIONAL, INC.** | : | **NO.** |
| **2727 North Central Avenue** | : | |
| **Phoenix, AZ 85004** | : | |
|     And | : | |
| **U-HAUL CO.** | : | |
| **129 Canal Road** | : | |
| **Fairless Hills, PA 19030** | : | |
|     And | : | |
| **FALLS MANUFACTURING CO.** | : | |
| **129 Canal Road** | : | |
| **Fairless Hills, PA 19030** | : | |

**COMPLAINT IN CIVIL ACTION**
(Code #2S - Premises Liability - Slip and Fall)

| NOTICE | AVISO |
|---|---|
| "You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judSRent may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | "Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| "YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | "LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELE FONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL & INFORMATION SERVICE One Reading Center Philadelphia, PA 19107 (215) 238-1701 | ASOCIACION DE LICENDIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL One Reading Center Filadelfia, Penna. 19107 (215) 238-1701 Teléfono: (215) 238-1701 |

Case ID: 130103871

## GENERAL AVERMENTS

1.      Plaintiff, Eldridge Salley, is an adult individual who resides at the above-captioned address.

2.      Defendant, AMERCO d/b/a U-HAUL (hereinafter referred to as "Amerco" or "Defendant"), is a business entity, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, and more specifically, Philadelphia County, with an office for service located at the above-captioned address.

3.      Defendant, U-HAUL INTERNATIONAL, INC. (hereinafter referred to as "U-Haul International" or "Defendant"), is a business entity, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, and more specifically, Philadelphia County, with an office for service located at the above-captioned address.

4.      Defendant, U-HAUL CO., is a business entity, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, and more specifically, Philadelphia County, with an office for service located at the above-captioned address.

5.      Defendant, FALLS MANUFACTURING CO. (hereinafter referred to as "Falls" or "Defendant"), is a business entity, licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, and more specifically, Philadelphia County, with an office for service located at the above-captioned address.

6.      At all times material hereto, the above defendants regularly conducted and transacted business in Philadelphia County, Pennsylvania.

7.      At all times material hereto, Defendants had under its care, direction and supervision and/or ownership and/or control the property/factory located at 129 Canal Street, Fairless Hills, Pennsylvania 19030.

Case ID: 130103871

8.      At all times material hereto, Defendants acted or failed to act by and through its agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

9.      On or about March 1, 2012, and for some time prior thereto, Defendants acting by and through its agents, servants, workmen and/or employees, acting as aforesaid, carelessly and negligently allowed a dangerous and defective condition, to wit: an unstable and unsecured heavy mounted crane was allowed to remain overhead at a substantial height, directly above business invitees, such as Plaintiff, inside the above mentioned property/factory location causing a serious hazard of injury and/or death at the aforementioned premises, for an unreasonable period of time.

10.     On or about March 1, 2012, Plaintiff, Eldridge Salley, was a business invitee at the aforesaid location.

11.     On or about March 1, 2012, Plaintiff fell to the ground and was severely injured by reason of coming into contact with the aforementioned dangerous and defective condition at the aforesaid location when the heavy crane fell from overhead at a substantial height down onto Plaintiff's shoulder and back, causing Plaintiff the injuries that form the basis for this action.

12.     Said Defendants were responsible for the proper maintenance of the premises and factory, and the operation, maintenance, and use of the crane, and for the safety of business invitees such as Plaintiff at the aforesaid location.

13.     The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

-3-

Case ID: 130103871

## COUNT I
## PLAINTIFF, ELDRIDGE SALLEY v. ALL DEFENDANTS

14.     Plaintiff, Eldridge Salley, incorporates by reference hereto, all of the allegations contained in the General Averments, as if they were set forth at length herein.

15.     The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

(a)     allowing and causing a dangerous and defective condition to exist on the factory floor and/or premises at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

(b)     said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained;

(c)     Defendants knew or should have known of the existence of said dangerous condition;

(d)     failing to give warning or notice of the defective condition;

(e)     failing to inspect the aforementioned location;

(f)     failing to remove the aforesaid defective and dangerous condition;

(g)     failing to provide Plaintiff with a safe and adequate passageway;

(h)     permitting a highly dangerous condition to exist for an unreasonable length of time;

(i)     failing to perform duties which it had assumed;

(j)     failing to use due care under the circumstances;

(k)     failing to properly secure the crane that landed on Plaintiff's body from above;

-4-

Case ID: 130103871

    (l)      failing to secure and properly maintain the track on which the crane was mounted;

    (m)     failing to regularly inspect the crane that fell on Plaintiff's body from above;

    (n)     failing to block off, or place warning and/or caution signs around the defective and/or dangerous condition; and

    (o)     violating pertinent provisions of the Occupational Safety & Health Administration United States Department of Labor Regulations (OSHA).

16.    As a direct result of this accident, Plaintiff, Eldridge Salley, has suffered injuries which are or may be serious and permanent in nature, including, but not limited to the following: multiple displaced spinal fractures at T1-T2, T7-T8, T9-T11, large posterior fracture bone fragments and small fragments adjacent to fracture lines, peripheral spinal fracture lines, injections, disc injuries, cervical sprain and strain, thoracic sprain and strain, lumbar strain and sprain, permanent deformity of the spine, radiculopathy and severe permanent disability as the result of a broken back, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

17.    As a further result of this accident, Plaintiff, Eldridge Salley, has been or will be required to receive and undergo surgeries and/or medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

18.    As a further result of this accident, Plaintiff, Eldridge Salley, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

Case ID: 130103871

19.     As a further result of this accident, Plaintiff, Eldridge Salley, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

20.     As a direct and reasonable result of the aforementioned accident, Plaintiff, Eldridge Salley, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

21.     As a further result of the aforementioned accident, Plaintiff, Eldridge Salley, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Eldridge Salley, demands judgment against Defendants, for damages, in an amount in excess of the arbitration limits, plus interest, costs and attorney's fees.

**J. BIEBER LAW, LLC**

BY:
**JUSTIN M. BIEBER, ESQUIRE**
**Attorney Plaintiff,**
**ELDRIDGE SALLEY**

Case ID: 130103871

## **VERIFICATION**

I, _Eldridge Salley_ hereby verify that I am, the _____

_Plaintiff_ In the attached _Complaint_, and that the

facts set forth herein are true and correct to the best of my knowledge, information and

belief.  I understand that false statements made herein are subject to the penalties of 18

Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

NAME: x _Eldridge Salley_

ADDRESS: _2505 N. Corlies Street, Phila, PA 19132_

DATE: _2/1/2013_

SIGNATURE: x _Eldridge Salley_

Case ID: 130103871

# EXHIBIT "B"

## AFFIDAVIT OF SERVICE UPON DEFENDANT, U-HAUL INTERNATIONAL, INC.

**J. BIEBER LAW, LLC**
By:  Justin M. Bieber, Esquire
Identification No. 204198
215 S. Broad Street, 5th Floor
Philadelphia, PA  19107
Ph: (215) 545-9999
F:  (215) 545-2424

Attorney for Plaintiff
Eldridge Salley

Filed and Attested by
PROTHONOTARY
08 FEB 2013 11:00 am
E. MASCUILLI

---

ELDRIDGE SALLEY

    v.

AMERCO d/b/a U-HAUL
    And
U-HAUL INTERNATIONAL, INC.
    And
U-HAUL CO.
    And
FALLS MANUFACTURING CO.

:
:
:
:
:
:
:
:
:
:
:
:
:

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

JANUARY TERM, 2013

NO. 3871

---

## AFFIDAVIT OF SERVICE

I, Justin M. Bieber, Esquire, hereby certify that a true and correct copy of the time stamped Complaint in this Civil Action was served upon out-of-state Defendant, U-Haul International, Inc. on February 4, 2013, via Certified mail.  A true and correct copy of the signed green card and USPS.com Track and Confirm form is attached hereto.

**J. BIEBER LAW, LLC**

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____ *8* DAY
OF _____*February*_____, 2012

_____
NOTARY PUBLIC

By: _____
    **JUSTIN M. BIEBER, ESQUIRE**
    **Attorney for Plaintiff,**
    **ELDRIDGE SALLEY**

NOTARIAL SEAL
RITA ANN RUEGER
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires Oct 14, 2013

Case ID: 130103871

Case 2:13-cv-00921-JD    Document 1    Filed 02/20/13    Page 29 of 35

English    Customer Service    USPS Mobile    Register / Sign In

**USPS.COM**

Search USPS.com or Track Packages

Quick Tools        Ship a Package        Send Mail        Manage Your Mail        Shop        Business Solutions

# Track & Confirm

GET EMAIL UPDATES        PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70081140000180129459 | | Delivered | February 04, 2013, 8:43 am | PHOENIX, AZ 85036 | Certified Mail™ |
| | | Depart USPS Sort Facility | February 04, 2013 | PHOENIX, AZ 85043 | |
| | | Processed through USPS Sort Facility | February 03, 2013, 6:52 am | PHOENIX, AZ 85043 | |

## Check on Another Item

What's your label (or receipt) number?

Find

LEGAL

Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM

Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

ON ABOUT.USPS.COM

About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

OTHER USPS SITES

Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2013 USPS. All Rights Reserved.

Case ID: 130103871

2/6/13 3:03 PM

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _(signature)_    ☐ Agent    ☐ Addressee

B. Received by ( *Printed Name* )    _N. Leatherwood_

C. Date of Delivery    2-4-13

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

U-Haul International, Inc.
2727 North Central Ave
Phoenix, AZ 85004

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
*(Transfer from service label)*    7008 1140 0001 8012 9459

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

Case ID: 130103871

UNITED STATES POSTAL SERVICE



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

⊙ Sender: Please print your name, address, and ZIP+4 in this box ⊙

J. Bieber Law, LLC
Attn: Justin M. Bieber, Esq.
215 S. Broad Street
5th Floor
Phila, PA 19107

Bailey Eldridge

Case ID: 130103871

# EXHIBIT "C"

## CONSENT TO REMOVAL ON BEHALF OF U-HAUL CO. OF PENNSYLVANIA AND FALLS MANUFACTURING CO.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELDRIDGE SALLEY,**<br><br>        Plaintiff,<br><br>    v.<br><br>**AMERCO (d/b/a U-Haul), U-HAUL INTERNATIONAL, INC., U-HAUL CO. OF PENNSYLVANIA and FALLS MANUFACTURING CO. (a division of U-Haul Co. of Pennsylvania),**<br><br>        Defendants. | CIVIL ACTION<br><br>2:13-cv-____ (____)<br><br><br><br>**CONSENT TO REMOVAL** |

Defendant, U-Haul Co. of Pennsylvania, which is a Pennsylvania corporation with a principal place of business located at 333 W. Street Road, Feasterville, Pennsylvania 19053, consents to removal of this civil action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Falls Manufacturing Co. is a division of U-Haul Co. of Pennsylvania, and has a place of business located at 129 Canal Street, Fairless Hills, Pennsylvania.

Eldridge Salley was an employee of the temporary staffing agency Centrix Staffing.

As a temporary employee, Mr. Salley underwent safety instruction before working on the production line, was supervised on his second shift (4:00 p.m. – 2:00 a..m.) by two (2) company supervisors and was given both on-the-job training and guidance by company Leadman during each shift he worked on the production line.

U-Haul Co. of Pennsylvania directed and controlled the work performed by Mr. Salley on each shift he worked at our plant.

Dated:   February *18*, 2013


By: _____
        William HAWTHORNE
        Plant Manager
        Falls Manufacturing Co. (a division of
        U-Haul Co. of Pennsylvania)

# EXHIBIT "D"

## CONSENT TO REMOVAL OF AMERCO

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELDRIDGE SALLEY,** | CIVIL ACTION |
| Plaintiff, | |
| v. | 2:13-cv-_____ (_____) |
| **AMERCO (d/b/a U-Haul), U-HAUL INTERNATIONAL, INC., U-HAUL CO. and FALLS MANUFACTURING CO. (a division of U-Haul Co. of Pennsylvania),** | **CONSENT TO REMOVAL** |
| Defendants. | |

Defendant, AMERCO, which is a Nevada Corporation with a principal place of business located at 1325 Airmotive Way, Suite 100, Reno, Nevada 89502, consents to removal of this civil action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Dated:   February /9th, 2013

By: _____
GEORGE R. OLDS
Assistant Secretary of AMERCO