IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELDRIDGE SALLEY,<br>          Plaintiff,<br><br>         v.<br><br>AMERCO, doing business as "U-HAUL";<br>U-HAUL INTERNATIONAL, INC.;<br>U-HAUL CO.; and, FALLS<br>MANUFACTURING CO.,<br><br>          Defendants. | CIVIL ACTION<br><br><br><br><br>NO. 13-921 |

**DuBois, J.**                                                                                               **July 15, 2013**

**M E M O R A N D U M**

**I.    INTRODUCTION**

This is a personal injury action removed to this Court from the Court of Common Pleas of Philadelphia County. Plaintiff Eldrige Salley alleges in the Complaint that he sustained serious injuries when a "heavy mounted crane" fell onto his shoulder and back. (Compl. at ¶9, 11.) Salley claims that defendants AMERCO, U-Haul International, Inc., U-Haul Co. of Pennsylvania (incorrectly identified as U-Haul Co.), and Falls Manufacturing Co. were negligent by, inter alia, failing to properly secure the crane, failing to regularly inspect the crane, and failing to give a warning or notice of the crane's defective condition. (Id. at ¶15.)

There are three motions presently before the Court. First, Salley moves to remand the case to state court on the ground that complete diversity is not present. Second, defendant AMERCO moves to dismiss the claims asserted against it in the Complaint for lack of personal jurisdiction. Third, defendants U-Haul Co. of Pennsylvania and Falls Manufacturing Co. move to dismiss the Complaint for failure to state a claim upon which relief can be granted, or alternatively for a more definite statement. For the reasons set forth below, the Court grants Salley's motion to

remand and does not address defendants' motions to dismiss.

## II.     BACKGROUND[1]

Salley, a resident of Pennsylvania, avers in the Complaint that on March 1, 2012 he was a business invitee on property owned, operated and controlled by defendants, located at 129 Canal Street, Fairless Hills, Pennsylvania.  (Compl. at ¶7, 10.)   Salley claims that on that date a "heavy mounted crane fell from overhead at a substantial height down onto [his] shoulder and back . . ." (Id. at ¶11.)   As a result of the accident, Salley states that he suffered numerous injuries including: multiple displaced spinal fractures, large posterior fracture bone fragments, peripheral spinal fracture lines, and permanent deformity of the spine.  (Id. at ¶16.)

Salley filed his Complaint in the Court of Common Pleas of Philadelphia County on February 1, 2013.   U-Haul International Inc. then removed plaintiff's action to this Court on February 20, 2013.   The Notice of Removal states that subject matter jurisdiction is based on diversity of citizenship, under 28 U.S.C. § 1332, "as all legitimate parties are of diverse citizenship."   (Notice, at ¶6.)   AMERCO and U-Haul International Inc. ("U-Haul") are both Nevada corporations with their principal place of business in Nevada and Arizona, respectively. (Id. at ¶11-12.)   However, U-Haul Co. of Pennsylvania is a Pennsylvania corporation with its principal place of business in Pennsylvania.  (Id. at ¶13)   A division of that company, Falls Manufacturing Co., also has its principal place of business in Pennsylvania.  (Id. at ¶14.)   The Notice of Removal claims that U-Haul Co. of Pennsylvania and Falls Manufacturing Co. (collectively, "Pennsylvania defendants") were fraudulently joined and that removal is proper. (Id. at ¶17.)

---

1 As required on a motion to dismiss and motion to remand, the Court accepts all factual allegations in the Complaint as true.

### III. LEGAL STANDARD

The Court has discretion in determining whether to first decide Salley's motion to remand for lack of subject matter jurisdiction, or AMERCO's motion to dismiss for lack of personal jurisdiction. See Wolstenholme v. Bartels, 511 F. App'x 215, at *3 (3d Cir. 2013). "'[I]n most instances subject-matter jurisdiction will involve no arduous inquiry' and therefore should be decided upon first . . . ." Id. (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 587 (1999)). As explained below, an inquiry concerning fraudulent joinder "must not be too deep." Lyall v. Airtran Airlines, Inc., 109 F. Supp. 2d 365, 368 (E.D. Pa. 2000). Further, the Court is not confronted with a "complex question of state law," in deciding Salley's motion to remand. See Ruhrgas 526 U.S. at 587. Accordingly, the Court addresses Salley's motion to remand before turning to AMERCO's motion to dismiss for lack of personal jurisdiction.

In the absence of a federal question, removal to federal court usually requires complete diversity of citizenship of the parties and also that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). The doctrine of fraudulent joinder represents an exception to these requirements. See In Re Briscoe, 448 F.3d 201, 215-16 (3d Cir. 2006). Under the doctrine of fraudulent joinder, a defendant may still remove the action if it can establish that any in-state resident or non-diverse defendant were "fraudulently" named or joined solely to defeat federal court jurisdiction. Id. If a court determines that the joinder was "fraudulent" in this sense, then the court can "disregard for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id.

By contrast, if the Court determines that it does not have subject-matter jurisdiction

because the joinder was not fraudulent, it must remand to state court and may, where appropriate, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (quoted in In Re Briscoe, 448 F.3d at 216). In making this inquiry a court is not limited to the pleadings but can look beyond them to identify any indicia of fraudulent joinder. In Re Briscoe, 448 F.3d at 219.

The removing party bears the burden of demonstrating fraudulent joinder: "The removing party carries a heavy burden of persuasion . . . for removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal citations omitted). The Third Circuit has defined the standard for fraudulent joinder as follows:

> Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment. But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

In Re Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52). The joinder of a party should be deemed fraudulent only if the claims are "wholly insubstantial and frivolous." Id. at 218. The Third Circuit has emphasized that proper joinder for jurisdictional purposes is a lower bar than would be required for a claim to survive a motion to dismiss, Batoff, 977 F.2d at 852, or a motion for summary judgment, Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Situations in which a party has been found to be fraudulently joined include those where claims are clearly barred a statute of limitation, see, e.g., In Re: Briscoe, 448 F.3d at 219, LeBlang

4

Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 690-92 (7th Cir. 1998); where claims are clearly barred by an automatic stay in bankruptcy, Brown v. JEVIC, 575 F.3d 322, 326 (3d Cir. 2009); where the nondiverse defendant can prove definitively that he is not a proper party, Weaver v. Conrail, Inc., 2010 U.S. Dist. LEXIS 69553 at*27 (E.D. Pa. July 12, 2010) (finding fraudulent joinder where nondiverse defendant Conrail produced three separate forms of proof demonstrating that it did not own the train tracks in question); and where plaintiffs have created shell companies exclusively for litigation purposes, Bernstein v. Balli Steel, 2008 U.S. Dist. LEXIS 25892 (E.D. Pa. March 31, 2008).   In other words, a finding of fraudulent joinder is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility. Fraudulent joinder should not be found simply because plaintiff has a weak case against a non-diverse defendant.   See Boyer, 913 F.2d at 111.

**IV.   DISCUSSION**

A.  Parties' Arguments

U-Haul claims that the Pennsylvania defendants were Salley's statutory employers under the Pennsylvania Workmen's Compensation Act ("PWCA"), 77 P.S. § 1 et seq.   That Act provides, in part: "The employer shall be liable for the negligence of all employes, while acting within the scope of their employment . . . ."   77 P.S. § 51.   Further, "[t]he liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . ." 77 Pa. Stat. Ann. § 481.   U-Haul argues that because the Pennsylvania defendants were Salley's employers they are liable only as outlined in the PWCA.   U-Haul therefore concludes that the Pennsylvania defendants are "immune from suit" in the instant negligence action and because Salley lacks a colorable claim against them, the Pennsylvania defendants were fraudulently joined.

5

(Resp. at 7.)[2]

The PWCA defines "employer" as "synonymous with" the common-law term "master," and "employe" as "synonymous with" the common-law term "servant." 77 P.S. § 21-22. In this case, U-Haul concedes that Salley was formally an employee of a temporary staffing company, Centrix Staffing, but U-Haul argues pursuant to the "borrowed servant" doctrine that the Pennsylvania defendants were Salley's statutory employers. "The test for determining whether a servant furnished by one person to another becomes the employee of the person to whom he is loaned is whether he passes under the latter's right of control with regard not only to the work to be done but also to the manner of performing it." JFC Temps, Inc. v. W.C.A.B. (Lindsay), 545 Pa. 149, 153 (Pa. 1996). "Other factors which may be relevant include the right to select and discharge the employee and the skill or expertise required for the performance of the work. The payment of wages may be considered, but is not a determinative factor. Although the examination of these factors guides the determination, each case must be decided on its own facts." Id. (internal citations omitted).

In support of its claim that Salley was a "borrowed" employee of the Pennsylvania defendants, U-Haul submits, inter alia, the Affidavit of William Hawthorne, President of Falls Manufacturing Co.[3] Hawthorne states that U-Haul Co. of Pennsylvania, the parent company of Falls Manufacturing Co., provided Salley with daily job assignments and U-Haul, rather than Centrix Staffing, "controlled the welding work that was actually being performed by Mr. Salley."

---

[2] U-Haul does not assert fraudulent joinder on the ground that Salley has "no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." In Re Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52). Accordingly, the Court does not address that aspect of fraudulent joinder analysis.

[3] The Court narrowly considers certain submitted materials outside the pleadings only to note the existence of a factual dispute, as permitted on a motion to remand. Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992) ("Such a limited look outside the pleadings does not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits.").

(Affidavit of William Hawthorne, at ¶12, 13.)   Hawthorne further asserts that, "U-Haul supervised the quantity of work that Mr. Salley performed each day and controlled the speed by which he completed his assembly and welding assignments."   (Id. at ¶18.)   Finally, Hawthorne claims that "U-Haul at all times retained the right to inform Mr. Salley that his 'work assignment had ended' and to demand that he leave the premises immediately." (Id. at ¶19.)

Salley disputes these assertions in an Affidavit attached to his motion.   Salley contends that, "[d]uring the time I worked at U-Haul Co. of Pennsylvania and Falls Manufacturing Co., nobody on the job controlled the manner in which I performed mig welding as an independent contractor." (Affidavit of Eldrige Salley, at ¶6.)   Salley claims that Centrix Staffing "controlled all aspects of [his] job," and that no one at U-Haul Co. of Pennsylvania or Falls Manufacturing Co. "directed [him] as to how to perform [his] job."   (Id. at ¶11, 21.)   Salley further states that he was never issued a U-Haul uniform unlike full-time U-Haul employees, and that he was "forced" to bring his "own tools to work at [his] assigned job site," at 129 Canal Street.   (Id. at ¶18, 19.)

B. Analysis

As noted above, U-Haul bears a "heavy burden of persuasion" in establishing fraudulent joinder.   Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (internal citations omitted).   Further, Salley need only present a "reasonable basis in fact or colorable ground supporting the claim against" the Pennsylvania defendants, such that if "there is even a possibility that a state court would find that the complaint states a cause of action against [the Pennsylvania defendants]," this Court must conclude that joinder was proper and remand the case.   In re Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52).   Under this standard, "it is possible

7

that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." Batoff, 977 F.2d at 852.

The Third Circuit has permitted district courts to conduct only a "limited consideration of reliable evidence that the defendant may proffer to support the removal." In re Briscoe, 448 F.3d at 220. "Such evidence may be found in the record from prior proceedings, which firmly establishes the accrual date for the plaintiff's claim, or in other relevant matters that are properly subject to judicial notice." Id. This "limited look," is cabined such that it "does not risk crossing the line between a proper threshold jurisdictional inquiry and an improper decision on the merits." Id. Similar to the consideration of evidence, the Court is precluded from undertaking a searching examination of state law to establish fraudulent joinder. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 852-53 (3d Cir. 1992) ("A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."). Conducting such a "limited look" into the evidence presented, the Court concludes that joinder of the Pennsylvania defendants was proper.

Determining the employer of a "borrowed" employee is fact-specific and dependent on the particular circumstances of each case. See JFC Temps, Inc. v. W.C.A.B. (Lindsay), 545 Pa. 149, 153 (Pa. 1996). In this case, critical facts concerning Salley's employment are contested by the parties. On the question of who controlled Salley's work and the manner of its performance, the parties are at cross-ends. Hawthorne claims that U-Haul "controlled the welding work that was actually being performed by Mr. Salley," while Salley avers that "nobody on the job controlled the manner in which I performed mig welding as an independent contractor." (Affidavit of William Hawthorne, at ¶12, 13); (Affidavit of Eldrige Salley, at ¶6.) Similarly, Hawthorne states that

8

"U-Haul supervised the quantity of work that Mr. Salley performed each day and controlled the speed by which he completed his assembly and welding assignments," while Salley claims that no one at U-Haul "directed [him] as to how to perform [his] job."  (Affidavit of William Hawthorne, at ¶18); (Affidavit of Eldrige Salley Affidavit, at ¶11, 21.)

While the Court, should not "decide automatically in favor of remand simply because some facts may be in dispute," In re Diet Drugs Products Liab. Litig., 2004 WL 1504293, at *1 (E.D. Pa. Feb. 18, 2004), "[a] district court must resolve all contested issues of substantive fact in favor of the plaintiff."  Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990); see also Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009) ("Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand.").  Salley alleges that he was not subject to the control of the Pennsylvania defendants in his work and the manner it was conducted, and U-Haul contests these claims.  See JFC Temps, Inc. v. W.C.A.B. (Lindsay), 545 Pa. 149, 153 (Pa. 1996) (holding that the right of control of employee's work and manner it is performed determines the statutory employer).  Resolving all contested issues of substantive fact in favor of Salley, the Court concludes that he presents a colorable claim that the Pennsylvania defendants were not his statutory employers and are therefore potentially liable in the instant action.  See e.g., Id. at 154-55 (declining to endorse "broad rule" precluding a temporary employment agency from statutory employer status, and finding that "the better approach . . . is to examine the circumstances of each case . . . . "); Accountemps v. W.C.A.B. (Myers), 548 A.2d 703, 706 (Pa. Commw. Ct. 1988) (finding that temporary staffing company and not borrowing employer was plaintiff's statutory employer).

Salley's claims against the Pennsylvania defendants are not "wholly insubstantial and frivolous," and "there is a possibility that a state court would find that the complaint states a cause of action" against the Pennsylvania defendants. In Re Briscoe, 448 F.3d at 217-18; see also Dambaugh v. Mylan Bertek Pharmaceuticals, Inc., 2007 WL 3495335, at *2 (W.D. Pa. Nov. 13, 2007) ("Under these circumstances and at this stage in the litigation, to allow this affidavit to defeat Plaintiff's Complaint and create federal jurisdiction would . . . be akin to conducting a summary judgment inquiry, or a converting of Defendant's request into a motion to dismiss, which is frowned upon."). Thus, the Court concludes that joinder of the Pennsylvania defendants was proper and that subject matter jurisdiction is lacking due to the absence of complete diversity of citizenship. The Court thus grants Salley's motion to remand, and the case is remanded to the Court of Common Pleas of Philadelphia County.

C.  Fees and Expenses

The removal provision of 28 U.S.C. § 1447 provides for the provision of attorneys fees: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Where an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). While the Court has rejected U-Haul's fraudulent joinder argument, given the disputed nature of the facts alleged, the Court cannot say that U-Haul lacked an objectively reasonable basis for removal. Salley's request for fees is therefore denied.

### D. Motions to Dismiss

Finally, the Court turns to defendants' pending motions to dismiss. Because the case will be remanded to the Court of Common Pleas of Philadelphia County, this Court does not address either AMERCO's motion to dismiss for lack of personal jurisdiction, or defendants U-Haul Co. of Pennsylvania and Falls Manufacturing Co.'s motion to dismiss for failure to state a claim upon which relief can be granted, or alternatively for a more definite statement. See Consol Energy Inc. v. Berkshire Hathaway, Inc., 252 F. App'x 481, 484 (3d Cir. 2007).

## V. CONCLUSION

For the foregoing reasons, the Court grants Salley's motion to remand and does not address defendants' motions to dismiss. The case is remanded to the Court of Common Pleas of Philadelphia County. An appropriate order follows.